IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 22-280E |
| v. | ) ) | Judge Cathy Bissoon |
| HEARTFELT HOME HEALTHCARE SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

On January 6, 2023, the EEOC was directed to show cause why attorney-client or other privilege attaches between itself and the Claimant. While courts have recognized the existence of such privilege, under different rationales, the EEOC has failed to provide sufficient evidence thereof in this case.

The EEOC's claim of privilege appears broad, if unlimited, and no evidence in support (other than the Commission's say-so) is contained in the record. As the party asserting privilege, the EEOC bears the burden, and the Commission has failed to carry it.

Under the circumstances presented, moreover, the Court echoes Defendant's concerns regarding the Claimant's knowledge and understanding of the possibility of intervention, and/or that her interests and those of the EEOC may, through the course of litigation, differ. Defendant has cited an EEOC attorneys' manual, directing that claimants promptly be advised of their right of intervention, and highlighting that the goals of the Commission, in pursuit of the public interest, may diverge from a claimant's personal interests. EEOC Compl. Man. P 10310 (C.C.H.), 2015 WL 6881009 (2020). This is so given Defendant's allegation that the EEOC

rejected its "make-whole" offer of settlement, three minutes after its investigator opened defense counsel's email.  *See* Doc. 23 at 9.  Although the manual does not have the force of law, its contents serve to emphasize the need for clarity regarding the nature of the relationship between the EEOC and the Claimant, both as a matter of objective fact and in terms of the Claimant's understanding.  These concerns further are implicated by the Commission's intention, until the Court directed otherwise, to exclude the Claimant from the mandatory ADR process.  *See* ADR Stip. (Doc. 14) (identifying the Commission's supervisory trial attorney as the client-participant, and omitting the Claimant).

Furthermore, even assuming privilege has or will attach, Defendant is correct that it would not extend to communications made during the pre-suit investigative process.  *See* cases cited in Def.'s Br. (Doc. 23) at 6; *see also* E.E.O.C. v. Texas Roadhouse, Inc., 2014 WL 4471521, *5 (D. Mass. Sept. 9, 2014) ("The EEOC concedes that communications between claimants or witnesses and EEOC investigators and staff, during the investigative process, are not, of course, attorney work product.").

At bottom, the EEOC has failed to support its claim of privilege, and no privilege currently is recognized.  The EEOC may, however, make supplemental filings to establish the existence, and scope, of a cognizable privilege.  In order to do so, the Commission must submit sworn statements of the Claimant (in camera, if and as necessary), clarifying her understanding regarding the nature of her relationship with EEOC counsel − and detailing the circumstances leading to the formation of a privileged relationship.  Finally, the EEOC should respond to Defendant's assertion that, if a privileged relationship is recognized, privilege-log procedures should be observed.

The deadline for the EEOC's supplementation, if any is, **February 7, 2023**.

IT IS SO ORDERED.

January 30, 2023                                s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record