**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:22-cv-00280-CB Honorable Cathy Bissoon |
| v. | ) ) | |
| HEARTFELT HOME HEALTHCARE SERVICES, INC., | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") instituted this action against Heartfelt Home Healthcare Services, Inc. ("Defendant") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and Title I of the Americans with Disabilities Act of 1990, as amended. In its Complaint, EEOC alleged that Defendant violated Title VII and the ADA by discharging Charging Party Jacqueline Melter ("Ms. Melter") because of her sex (pregnancy, childbirth and related conditions) and disability (hypertension) or because she was regarded as disabled. In its Answer, Defendant denied any violation of Title VII or the ADA and Defendant specifically denied that EEOC satisfied its condition precedent to suit of attempted conciliation of the claims alleged in the Complaint.

EEOC and Defendant (hereinafter, collectively, "the Parties") desire to resolve this action and all claims set forth in the Complaint without the time and expenditure of contested litigation. Accordingly, the Parties agree that this action should be resolved through entry of this Consent Decree ("Decree") in conjunction with Ms. Melter's execution of the Title VII and ADA Claims Release and Waiver set forth as Exhibit A to this Decree.

1

This Decree is not an adjudication or finding on the merits of the claims in this action, and Defendant is not expressly or impliedly admitting any violation of Title VII, the ADA or any other statute administered by the EEOC. This Decree, once approved and entered by the Court, shall fully resolve all claims alleged in EEOC's Complaint filed in this case.

## STIPULATIONS

A.  The Parties acknowledge the jurisdiction of the United States District Court for the Western District of Pennsylvania over the subject matter of this action and for purposes of entering this Decree and, if necessary, enforcing this Decree.

B.  Venue is proper in this judicial district for purposes of entering this Decree and any proceedings related to enforcement of the Decree.

C.  Defendant hereby waives its objections that EEOC failed to satisfy conditions precedent to suit.

## FINDINGS

Having carefully examined the terms and provisions of this Decree, and based on the pleadings and stipulations of the Parties, the Court finds the following:

A.  The Court has jurisdiction over the subject matter and the Parties in this action.

B.  The terms of the Decree are lawful, fair, adequate, reasonable, and just.

C.  The Decree conforms to the Federal Rules of Civil Procedure, Title VII, and the ADA, and it is not in derogation of the rights or privileges of any person. The entry of this decree will further the interests of Title VII and the ADA and will be in the best interest of Charging Party Jacqueline Melter and the public.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## DEFINITIONS

A.  The terms "complaint" or "complaints" shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures, made by any means of communication, regarding potential harassment or discrimination (including but not limited to sex or disability discrimination) committed by any employee, officer, director, owner, or customer of Defendant.

B.  The term "days" shall mean calendar days unless business days are clearly specified in a specific provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or a federal holiday, the deadline shall be moved to the next business day.

C.  The terms "employee" or "employees" shall be construed in accordance with applicable Title VII case law defining the meaning of the term "employee" and "employer." The term "employee" shall specifically include all full-time and part-time employees of Defendant.

D.  The term "Effective Date" shall be the date that the Court approves and enters this Decree as an order of the Court.

## EFFECTIVE DATE, DURATION, GEOGRAPHIC SCOPE OF DECREE, AND RETENTION OF JURISDICTION

1.  This Decree shall become effective immediately upon the Effective Date and shall remain in effect until its expiration date, which shall be eighteen (18) months immediately following entry of the Decree, provided, however, that if, at the end of the eighteen (18) month period, any dispute under Paragraphs 28 and 29 below remains unresolved, the terms of the Decree shall be automatically extended until the Parties resolve the dispute or the Court's final disposition of the dispute, whichever is earlier.

2.  The provisions of this Decree shall apply to all of Defendant's facilities, offices, worksites, and other locations in the United States, its territories, and its possessions.

3.      For the duration of this Decree, the Court shall retain jurisdiction over the action to enforce the terms of the Decree and shall have all available remedies to enforce the Decree, including but not limited to monetary sanctions and injunctive relief.

## **INJUNCTION**

4.      Defendant, its owners, officers, directors, agents, employees, successors, and assigns are enjoined from engaging in any employment practice that subjects an employee to unlawful discrimination because of sex (inclusive of pregnancy, childbirth and related medical conditions), including but not limited to discharge, lay-off, medical disqualification from position, or involuntary leave of absence because of sex (inclusive of pregnancy, childbirth and related medical conditions).

5.      Defendant, its owners, officers, directors, agents, employees, successors and assigns are enjoined from engaging in any employment practice that unlawfully discriminates on the basis of disability, including but not limited to discharge, lay-off, medical disqualification from position, or involuntary leave of absence on the basis of disability unless such person poses a direct threat when performing the essential functions of the job at issue that cannot be eliminated or reduced to an acceptable level through provision of reasonable accommodation or cannot perform the essential functions of the job at issue with or without reasonable accommodation.

6.      Defendant, its owners, officers, directors, agents, employees, successors and assigns are enjoined from engaging in any form of unlawful retaliation, coercion, intimidation, threats or interference against any person because such person has (a) opposed any practice made unlawful or reasonably believed to be unlawful under Title VII or the ADA; (b) filed a charge of discrimination under Title VII or the ADA; (c) testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII or the ADA; (d) obtained relief or

asserted any rights under this Decree; and/or (e) otherwise exercised or enjoyed, or aided or encouraged any other individual in the exercise or enjoyment of, rights conferred by the ADA.

## MONETARY RELIEF

7. Within ten (10) days of EEOC's electronic delivery to Defendant's Counsel of Record of Ms. Melter's fully executed Title VII and ADA Claims Release and Waiver, attached hereto as Exhibit A, following the Effective Date of this Decree, Defendant shall pay $20,000 to Ms. Melter, of which $2,500 shall constitute back pay (wages), and $17,500 shall be treated as non-wage, non-pecuniary compensatory damages. Payment to Ms. Melter shall be completed using two checks: a payroll check for the amount constituting back pay (less applicable federal, state, and local payroll tax withholdings) and a non-payroll check for the balance constituting compensatory damages of $17,500.

8. Defendant shall make all applicable payroll tax withholdings required by law from the amount payable to Ms. Melter as back pay. Defendant shall be responsible for paying its own share of payroll tax liability required by law. Defendant shall not make withholdings from the non-payroll check for compensatory damages.

9. Defendant will deliver the two checks for monetary relief payable to "Jacqueline Melter" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Ms. Melter at an address to be provided by EEOC. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made. Defendant will transmit photocopies of both checks and proof of delivery to EEOC to the attention of Casey M. Shea, Senior Trial Attorney, U.S. Equal Employment Opportunity Commission, Baltimore Field Office, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201, casey.shea@eeoc.gov within five (5) days of the date of delivery of the two checks to Ms. Melter.

10. In the event that Defendant is unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 9, above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

11. At the time that such tax documents are issued to other persons, Defendant shall issue to Ms. Melter an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-MISC for the non-payroll check for compensatory damages.

**EQUAL EMPLOYMENT OPPORTUNITY POLICIES AND PROCEDURES**

12. Within thirty (30) days of the Effective Date, Defendant shall create comprehensive Title VII and ADA non-discrimination policies and procedures (hereinafter, collectively referred to as "Policies"), which shall be submitted to EEOC for review before implementation by Defendant. The Policies shall comply with Title VII and the ADA and include at least the following minimum content:

(a) **Anti-Discrimination Policy:** This policy shall contain (i) a description of the kinds of conduct that constitute sex/pregnancy discrimination and disability discrimination; (ii) a description that discrimination because of pregnancy, childbirth and related medical conditions is a form of sex discrimination prohibited by law and company policy; (iii) a statement that such prohibited discrimination includes taking adverse actions, including but not limited to discharge/layoff and adverse setting of job responsibilities, because of sex or disability; (iv) a statement that pregnancy may also give rise to covered disabilities under the ADA, and discrimination because of such disabilities is prohibited by law and company policy; (v) a description of reasonably accessible procedures for an employee to request accommodation of pregnancy, childbirth and related medical conditions and disability; (vi) an explanation of

6

Defendant's duty to reasonably accommodate employees and applicants with disabilities under the ADA and pregnant employees under the Pregnant Workers Fairness Act, Pub. L. No. 117-328, 135 Stat. 1541 (Dec. 29, 2022), and set forth Defendant's commitment to provide such accommodations to the extent required by law; and (vii) a statement that sex/pregnancy discrimination, disability discrimination, and other forms of discrimination will not be tolerated and that any employee (including managerial or supervisory employees) found in violation of the policy will be subject to disciplinary action, up to and including termination.

(b)     **Complaint Procedure:** This complaint procedure shall include (i) clear, reasonably accessible procedures for making complaints of sex/pregnancy discrimination, disability discrimination, or other discrimination, including the name(s) and contact information for the person(s) responsible for receiving complaints; (ii) at least one official identified for receiving and investigating complaints; (iii) a statement that Defendant will promptly notify the complaining employee of its investigative findings and any disciplinary or other corrective action taken in response to his or her complaint; and (iv) a statement that an employee may file a charge of discrimination with the U.S. Equal Employment Opportunity Commission or any applicable state fair employment practices agency (along with providing contact information for such agencies), in addition to submitting a complaint with Defendant.

13.     Within thirty (30) days of the Effective Date, Defendant shall send copies of the Policies referenced in Paragraph 12, above, to EEOC for review. Thereafter, EEOC shall be afforded a period of fourteen (14) days to conduct a pre-implementation review of the Policies and provide any comments concerning the Policies or their implementation that EEOC deems to be warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the Policies and any EEOC comments thereto.

14. Subject to any motion filed by EEOC pursuant to Paragraphs 28 or 29, below, within sixty (60) days of the Effective Date, Defendant shall implement the Policies. To implement the Policies, Defendant shall (a) integrate the Policies in an employee manual or other policy manual; (b) distribute the Policies to each of its current owners, officers, directors, and employees (including both managerial and non-managerial employees); and (c) obtain a signed acknowledgement that each owner, officer, director, and employee (including both managerial and non-managerial employees) has read and understood the Policies. The signed acknowledgements referenced in this Paragraph shall be retained for the duration of this Decree.

15. Within ten (10) days of the date that Defendant implements the Policies set forth in Paragraph 12, above, Defendant shall send EEOC a copy of the final Policies implemented by Defendant and certify, in writing to EEOC, that such Policies have been implemented in the manner set forth above.

## TITLE VII AND ADA TRAINING

16. Within forty-five (45) days of the date that Defendant implements the Policies set forth in Paragraph 12, above, Defendant shall provide no fewer than one (1) hour of mandatory training regarding Title VII and the ADA and Defendant's Policies to all of Defendant's employees, officers, and owners whose job duties or authority includes hiring, discharge, assignment of job duties or involuntary leave decisions; assessing whether an employee is medically qualified for a job or a direct threat; engaging in the interactive process or making decisions regarding reasonable accommodations; or determining Defendant's policies and procedures regarding the aforementioned matters. This training shall be conducted live and involve an interactive component, though participants may attend by remote means, if necessary. The training content shall accurately convey Title VII and ADA requirements and, at a minimum, include a discussion of the following topics: (a) legal standards under Title VII regarding

8

discrimination because of sex, including pregnancy, childbirth and related medical conditions; legal standards for what constitutes "disability"; (b) the prohibition of discrimination on the basis of disability, including pregnancy-related disabilities; (c) legal standards for determining whether an individual poses a direct threat; (d) legal standards for determining whether an individual is qualified to perform essential job functions, including the standards for determining "essential functions"; (e) legal standards governing the duty to provide reasonable accommodation and the interactive process of identifying and providing such accommodation; (f) what constitutes lawful and unlawful medical examinations and inquiries; (g) Title VII and ADA-compliant procedures for evaluating whether an employee's medical condition renders them unable to perform essential job functions proficiently or constitutes a direct threat in the position at issue; (h) employer and human resources best practices regarding all of the aforementioned subjects in (a) – (h) above; and (i) Defendant's Policies set forth in Paragraph 12, above.

17. Defendant shall select one or more qualified third parties to conduct the trainings described in Paragraph 16, above. At least fourteen (14) days before the date that Defendant intends to conduct the trainings described in Paragraph 16, above, Defendant shall submit to EEOC for review (a) the name(s) and curriculum vitae of the instructors that Defendant has selected for the trainings; (b) copies of the proposed training curricula; and (c) a list of all persons (by name and job title) who will be required to attend the trainings.

18. After Defendant transmits to EEOC the information set forth in Paragraph 17, above, EEOC shall be afforded a period of fourteen (14) days to conduct a pre-implementation review of the proposed instructors and training curricula and provide any comments concerning the trainings that EEOC deems to be warranted. Upon request by EEOC, Defendant shall confer in good faith with EEOC concerning the trainings and any EEOC comments.

19. Subject to any motion filed by EEOC pursuant to Paragraph 28 or 29, below, within seventy-five (75) days of the Effective Date, Defendant shall conduct the trainings set forth in Paragraph 16, above.

20. Within ten (10) days of the date that Defendant conducts the trainings described in Paragraph 16, above, Defendant shall send EEOC a copy of the final training curricula for each training, a list of all persons (by name and job title) who attended each training, and a list of persons to whom Defendant is required by this Decree to present such training but who did not receive it.

21. For the duration of this Decree, Defendant shall also provide the training described in Paragraph 16, above, to any new Defendant employees, officers, and owners whose job duties or authority includes hiring, discharge or involuntary leave decisions, assessing whether an employee is medically qualified for a job or a direct threat; engaging in the interactive process or making decisions regarding reasonable accommodations; or determining Defendant's policies and procedures regarding the aforementioned matters after the initial training date. This training shall be held within twenty-one (21) days of the date that such individual(s) complete their 90 day introductory period in their new positions or duties.

## **REPORTING PROVISIONS**

22. Sixteen (16) months after the Effective Date, Defendant shall furnish a report to EEOC concerning any lawsuits, charges, complaints, grievances, or other allegations (oral or written, formal or informal, verified or unverified) of alleged sex discrimination and/or disability discrimination received after the Effective Date, if any. Such report shall contain the following:

> (a) the full name, last known residence address, and last known telephone number(s) of any individual who instituted the lawsuit or charge or made the complaint, grievance, or other allegation;

(b) a full description of the allegations of sex discrimination or disability discrimination;

(c) the full name and job title of the person(s) alleged to have engaged in the sex discrimination or disability discrimination;

(d) a full description of any statements or information provided by the person(s) alleged to have engaged in the sex discrimination or disability discrimination;

(e) the date that the lawsuit or charge was instituted or the complaint, grievance or other allegation was made; and

(f) the full name, last known residence address, and last known telephone number(s) of any person(s) believed to possess relevant knowledge concerning the allegations, a statement whether Defendant has conducted an interview of such person(s), and a full narrative description of any statements or information provided by the person(s).

23. Defendant shall append to such report all documents received from the person making the allegations, all documents related to any witness interviews (e.g., affidavits, interview notes, memoranda, etc.), any other material compiled for purposes of investigating the allegations, and all investigative reports or memoranda. Defendant may refrain from appending to such report any documents generated by or at the direction of counsel for the purposes of defense of pending or anticipated litigation.

24. Sixteen (16) months after the Effective Date, Defendant shall furnish a report to EEOC concerning all employees, if any, that Defendant has involuntarily separated from employment or placed on leave of absence in any manner in the sixteen(16) months preceding the report and is known to Defendant to be pregnant or have a non-minor or non-transitory physical

11

or mental impairment at the time of the involuntary separation from employment of leave of absence. Such report shall contain the following:

    (a) the full name, last known residence address, and last known residence telephone and cell phone numbers of each employee separated or placed on leave of absence;

    (b) the job title of each employee separated or placed on leave of absence;

    (c) the full name and job title of the direct supervisor of each employee separated or placed on leave of absence;

    (d) the date of hire of each employee separated or placed on leave of absence;

    (e) the date of separation of each employee separated or placed on leave of absence (if applicable); and

    (f) reason employee was separated from employment or placed on leave of absence.

25. Reports provided hereunder may be submitted to EEOC electronically or in hard copy form.

## **RECORD RETENTION**

26. For the duration of this Decree, Defendant shall retain all documents related to (a) the Policies set forth in Paragraph 12, above, including any changes to the Policies or their implementation; (b) the training curricula and acknowledgements set forth in Paragraphs 12, 14, and 17 above; (c) any complaints of sex discrimination and/or disability discrimination that Defendant receives from its employees after the Effective Date; and (d) any investigations and corrective action that Defendant undertakes in response to such complaints. Such documents shall include, but are not limited to, any and all written correspondence, notes, emails, photographs, video recordings, text messages, policies, PowerPoint presentations, training materials, memoranda, written statements, charges of discrimination, internal complaint documents, lawsuits, witness statements, internal reports, investigation findings, and disciplinary actions.

27. Defendant's obligation to maintain records, as set forth in this section, is not intended to nor does it limit or replace Defendant's obligation to retain records as set forth in federal law or EEOC regulations, such as 29 C.F.R. § 1602.14. Defendant shall comply with 29 C.F.R. § 1602.14.

## **DISPUTE RESOLUTION AND COMPLIANCE REVIEW**

28. Upon motion of EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, EEOC shall notify Defendant, in writing, of the alleged noncompliance. Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged noncompliance and so inform EEOC, or deny the alleged noncompliance, in writing. If the Parties cannot in good faith resolve their dispute, EEOC may file with the Court a motion to correct and remedy the breach. Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such motion.

29. In the event that a dispute under Paragraph 28 above remains unresolved after the eighteen (18)-month period set forth in Paragraph 1 above, EEOC may file a motion to correct or remedy the alleged breach within 14 days of its receipt of Defendant's notice of its correction or denial of noncompliance.

30. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

31. For the duration of the Decree, in the event that EEOC, its agents, and its employees possess a reasonable suspicion that Defendant has violated any provision of this Decree, they shall in their discretion have the legal authority to enter any of Defendant's offices, worksites, or other locations and conduct an onsite inspection to ensure compliance with Title VII and the ADA and any of the terms of this Decree. Such inspections may, at the discretion of EEOC, include access to any and all documents subject to this Decree for the purposes of inspection and duplication;

interviews of any persons; inspection of any area within the offices, worksites, and other locations; and any other investigatory technique or procedure permitted by Title VII, the ADA, or EEOC's regulations. Upon a reasonable suspicion that Defendant has violated any provision of this Decree, EEOC shall also possess the legal authority to require appearance and testimony of Defendant's personnel, at reasonable times and locations, at interviews or depositions and the production of documents to ensure compliance with Title VII, the ADA, and any of the terms of this Decree. Neither EEOC's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other EEOC authority to conduct investigations of Defendant that is provided by law, including but not limited to investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended ("EPA"); the Age Discrimination in Employment Act of 1967, as amended ("ADEA"); Titles I or V of the Americans with Disabilities Act of 1990, as amended; the Genetic Information Nondiscrimination Act of 2008; and any statute over which EEOC is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## **MISCELLANEOUS PROVISIONS**

32. Each Party shall bear its own costs, expenses, and attorney's fees in this action, including the costs of compliance and monitoring.

33. This Decree constitutes the entire agreement and commitments of the Parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either Party or an agent of any Party not contained in this Decree shall be enforceable.

34. The terms of this Decree shall be binding upon Defendant and all its present and future owners, directors, officers, managers, agents, representatives, successors, and assigns.

14

35. In the event of a transfer of ownership of Defendant during the duration of this Decree, Defendant shall provide a copy of this Decree to any organization or person who proposes to acquire Defendant or its assets or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

36. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions of this Decree shall remain in full force and effect.

37. When this Decree requires Defendant to submit reports, notices, or other materials to EEOC, Defendant shall deliver them by electronic means or hard copy to:

> Casey M. Shea
> Senior Trial Attorney
> U.S. Equal Employment Opportunity Commission
> Baltimore Field Office
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, Maryland 21201
> Email: casey.shea@eeoc.gov

38. In the event that the Parties propose to make any modification to this Decree by their mutual consent, they shall submit such proposed modification to the Court by joint motion, and such modification shall not be effective unless approved by order of the Court. No waiver, modification, or amendment of any provision of this Decree shall be effective unless in writing, signed by the Parties to this Decree, and approved by the Court.

39. This Decree may be executed in counterparts.

[The remainder of this page was intentionally left blank.]

**AGREED BY:**

| For Plaintiff U.S. Equal Employment Opportunity Commission: | For Defendant Heartfelt Home Healthcare Services, Inc.: |
|---|---|

For Plaintiff U.S. Equal Employment Opportunity Commission:

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL

*Debra M. Lawrence* by CS per authorization
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 4/3/23

*Ronald L. Phillips* by CS per authorization
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 4/3/23

*[signature]*
CASEY M. SHEA
SENIOR TRIAL ATTORNEY
Md. I.D. No. 1706200165
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6728
Fax: (410) 992-7880
Email: casey.shea@eeoc.gov

Dated: 4/3/23

For Defendant Heartfelt Home Healthcare Services, Inc.:

_____
MARK J. KUHAR
PA I.D. No. 71185
LAUREN A. HOLLER
PA I.D. 329803
MacDonald, Illig, Jones & Britton LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Phone: (814) 870-7603
Fax: (814) 454-4647
Email: mkuhar@mijb.com
lholler@mijb.com

Dated:_____

_____
Jean Sappington
Owner and President

*Authorized Representative of Heartfelt Home Healthcare Services, Inc.*

Dated:_____

**IT IS SO ORDERED:**

April 10, 2023
DATE

s/Cathy Bissoon
HONORABLE CATHY BISSOON
United States District Judge

16

**AGREED BY:**

| | |
|---|---|
| **For Plaintiff U.S. Equal Employment Opportunity Commission:** | **For Defendant Heartfelt Home Healthcare Services, Inc.:** |

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL

_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated:_____

_____
RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated:_____

_____
CASEY M. SHEA
SENIOR TRIAL ATTORNEY
Md. I.D. No. 1706200165
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: (410) 801-6728
Fax: (410) 992-7880
Email: casey.shea@eeoc.gov

Dated:_____

*For Defendant side:*

_____
MARK J. KUHAR
PA I.D. No. 71185
LAUREN A. HOLLER
PA I.D. 329803
MacDonald, Illig, Jones & Britton LLP
100 State Street, Suite 700
Erie, PA 16507-1459
Phone: (814) 870-7603
Fax: (814) 454-4647
Email: mkuhar@mijb.com
lholler@mijb.com

Dated: 4/5/2023

_____
Jean Sappington
Owner and President

*Authorized Representative of Heartfelt Home Healthcare Services, Inc.*

Dated: 4/5/2023

**IT IS SO ORDERED:**

| | |
|---|---|
| __April 10, 2023__<br>DATE | s/Cathy Bissoon<br>HONORABLE CATHY BISSOON<br>United States District Judge |

16

# Exhibit A:

# Release and Waiver

## TITLE VII AND ADA CLAIMS RELEASE AND WAIVER

Pursuant to the Consent Decree entered in *U.S. Equal Employment Opportunity Commission v. Heartfelt Home Healthcare Services, Inc.*, No. 1:22-cv-00280-CB (W.D. Pa.), and in consideration of payment in the gross amount of Twenty Thousand Dollars, of which Two Thousand Five Hundred Dollars ($2,500.00) shall constitute monetary relief for the claim for backpay, and Seventeen Thousand Five Hundred Dollars ($17,500.00) shall constitute compensatory damages, I, Jacqueline Melter, hereby agree to release Heartfelt Home Healthcare Services, Inc. ("Released Party") from any claims that I may have under Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended, that are set forth in EEOC's Complaint in the above-styled and numbered action. I further agree and covenant that I will not institute any civil action against the Released Party regarding the aforementioned claims. I understand that the Consent Decree, once approved and entered by the Court, shall fully resolve all claims alleged in EEOC's Complaint filed in the above-styled and numbered action.

*Jacqueline Melter*
Jacqueline Melter (signature)

4-3-23
Date